UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LIZANDRO GUEVARA, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:22-cv-00237 |
| | ) |
| GRADY PERRY, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Pending in this pro se habeas corpus action are three motions filed by Petitioner Lizandro Guevara, a state inmate challenging his 2011 convictions for aggravated sexual battery and rape of a child. Petitioner has filed a Motion for Leave to Conduct Discovery and for Fact Finding Procedures/Expansion of the Record (Doc. No. 23); a Motion for Leave to Amend § 2254 Habeas Petition (Doc. No. 27); and a Motion to Hold the Instant Habeas Corpus Proceedings in Abeyance. (Doc. No. 30).

As grounds for his Motion to Hold the Instant Habeas Corpus Proceedings in Abeyance, Petitioner cites his August 2, 2023, filing in state court of a Petition for Writ of Error Coram Nobis, by which he also seeks to reopen "Post-Judgment Proceedings" for purposes of seeking a new trial. (Doc. No. 30-1). In this state-court filing, Petitioner asserts new post-conviction claims, including that trial counsel rendered ineffective assistance "when he failed to give timely notice of the defense's intent to use exculpatory evidence of the victim's prior history of sexual abuse committed by another adult male, pursuant to Tenn. R. Evid. Rule 412 in order to have disproved the factual basis of the State[']s prosecutorial theory." (Doc. No. 30-1 at 12). This is the same

ineffective-assistance-of-trial-counsel (IATC) claim that Petitioner seeks to add in his Motion to Amend the Petition before this Court. (See Doc. No. 27-1).

Petitioner's recent filing in state court also includes a Motion to Compel Production of *Brady* Materials that the State Suppressed Pre Trial. (Doc. No. 30-2). In this motion, Petitioner asks the state court to "grant[] him leave to conduct discovery and expand the record," and to "order[] the State of Tennessee to turn over all exculpatory pre[-]trial statements of [L.C.][1] for the Court's in-camera review of the disputed documents." (Id. at 9). This is the same relief that Petitioner seeks in this Court in his motion for discovery. (See Doc. No. 23 at 1).

Respondent initially filed a Motion for Extension of Time to File Response to Motion for Stay and Abeyance (Doc. No. 32) and has now responded in opposition to the motion to stay (Doc. No. 33), as well as to Petitioner's motions for discovery and to amend. (Doc. Nos. 26, 29).

## II. Motion to Amend

Amendment of habeas petitions is allowed "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. "Federal Rule of Civil Procedure 15 permits a party to amend . . . a petition in a habeas case with 'leave' of a district court and directs the court to 'freely give leave when justice so requires.'" Watkins v. Stephenson, 57 F.4th 576, 579 (6th Cir. 2023) (quoting Fed. R. Civ. P. 15(a)(2) and citing Mayle v. Felix, 545 U.S. 644, 655 (2005)). Respondent argues that the leave to amend the Petition a second time[2] should be denied due to the futility of the proposed additional IATC claim. This assertion of futility is based on (1) the purported failure of the new claim to "relate back" to any claim of the original Petition, such that the amendment would

---

[1] Because he was a minor during the relevant period, this individual was referred to by his initials in the state courts. This Court will do the same.

[2] The Court granted Petitioner's first motion to amend his Petition on August 2, 2022. (Doc. No. 15).

be subject to dismissal as untimely, and (2) the procedural default of the new claim. (See Doc. No. 29 at 2–7).

Because the one-year habeas statute of limitations, 28 U.S.C. § 2244(d), expired months before the motion to amend was filed,[3] Petitioner's proposed new claim is only timely if it can be deemed to invoke the filing date of the original Petition, by "relating back" to that earlier date through assertion of a right to relief "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, the provision for relation back is "narrowly interpreted" to require that the proposed "amended claims . . . share a common core of operative facts with the original claims." Watkins, 57 F.4th at 581 (quoting, e.g., Cowan v. Stovall, 645 F.3d 815, 818 (6th Cir. 2011)). If the amended claim's operative facts differ from those of the original claim, such differences are generally permissible only to the extent that they are "in specificity (not in kind) from those originally alleged." Id.

The original Petition claims that trial counsel rendered ineffective assistance "when he failed to properly subpoena and/or present the eyewitness testimony of . . . [L.C.]," who, in an interview with the Department of Children's Services (DCS), revealed that he had witnessed other instances of inappropriate sexual activity that "would have helped [the] jurors understand that the victim's conduct was not the result of Petitioner's actions, but were in fact attributable to the action of [the victim's] biological father." (Doc. No. 1 at 15–16). Petitioner seeks to amend by adding the related claim that trial counsel rendered ineffective assistance when he failed to give timely notice under Tennessee Rule of Evidence 412 of his intent to use "evidence related to the victim's past sexual abuse" from "statements offered by [L.C.]" which counsel had previously "expressed a

---

[3] For these purposes, the Court accepts Respondent's calculation of June 8, 2022, as the date of expiration. (See Doc. No. 19, Respondent's Answer, at 37–38).

desire or intent to introduce," resulting in the exclusion of that evidence when the State's motion in limine was granted. (Doc. No. 27-1 at 1, 5–6). The proposed new claim can reasonably be construed as specifying the procedural reason for trial counsel's "fail[ure] to properly . . . present the eyewitness testimony of [L.C.]" (Doc. No. 1 at 15)—that is, that counsel failed to give the required 10-day notice of intent to use such evidence at trial under Tennessee Rule of Evidence 412. The original claim and the amended claim go hand-in-hand; the latter "expand[ing] on the facts supporting" the former and constituting "a slightly more specific iteration" of it. Hill v. Mitchell, 842 F.3d 910, 923–24 (6th Cir. 2016). The Court thus finds that the claims share a common core of operative facts that relate the amendment to the original claim. See id.

Nevertheless, leave to amend must be denied because the proposed amendment is procedurally defaulted. Petitioner and Respondent agree that the current state-court record does not reveal that Petitioner ever raised the claim regarding counsel's failure to provide proper notice of his intent to use any statement of L.C. While Petitioner argues that the default may be excused under Martinez v. Ryan, 566 U.S. 1 (2012), Respondent correctly asserts that the Martinez exception only applies to "substantial" IATC claims (that is, claims demonstrated to have "some merit"), id. at 14, and the proposed amended claim is not substantial. As support for this assertion, Respondent cites the significant evidence of Petitioner's guilt adduced at trial. (See Doc. No. 29 at 4–7). In fact, the record does not support the existence of "statements offered by [L.C.]," whether in the context of a DCS interview or otherwise. While Petitioner has recently returned to state court seeking to compel the State to provide such evidence, the record as currently constituted, does not support the substantiality of the claim that trial counsel was ineffective in failing to give the

4

required notice of intent to use evidence that may not even exist[4] or be material to Petitioner's culpability for the charged offenses.[5]

Accordingly, it would be futile to allow the requested amendment because of the unexcused procedural default of the claim Petitioner seeks to add. His Motion for Leave to Amend § 2254 Habeas Petition (Doc. No. 27) is therefore **DENIED**.

### III. Motions to Hold in Abeyance and for Discovery

As a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842–43 (1999); Carter v. Mitchell, 693 F.3d 555, 563 (6th Cir. 2012). Where a habeas petition presents both exhausted and unexhausted claims, a district court may stay the "mixed" petition pending state court exhaustion. Rhines v. Weber, 544 U.S. 269, 277–78 (2005).

Here, Respondent asserted in his Answer that all of Petitioner's claims were exhausted, due to either their presentation in state court or Petitioner's failure to present them while state-court remedies remained available. (Doc. No. 19 at 2). Although Petitioner is actively attempting to exhaust at least one IATC claim in his recent coram nobis filing in state court, and also seeks to compel the production of evidence that he contends should have been disclosed under Brady v. Maryland, 373 U.S. 83 (1963) (see Doc. No. 30-1), the Petition before this Court does not contain a "mix" of exhausted and unexhausted claims. Nor is coram nobis an appropriate vehicle for the exhaustion of any Brady claim that Petitioner might eventually seek to assert in federal habeas.

---

[4] See Doc. No. 19, Answer, at 42 & n.12, 45 (noting that "any supposed statement" by L.C. was neither presented by Petitioner nor suppressed by the State, and that the only "evidence at trial was that L.C. witnessed" and subsequently "told his mother" that Petitioner abused the victim).

[5] See id. at 45 n.14 (highlighting Petitioner's position that L.C.'s statement would go to show that the victim's conduct was attributable to other abuse, rather than that Petitioner did not commit the charged offenses).

5

Eakes v. Sexton, 595 F. Supp. 3d 645, 657 (M.D. Tenn. 2022) (noting that "[t]he writ [of error coram nobis] is not designed to address *Brady* violations") (quoting Nunley v. Tennessee, 552 S.W.3d 800, 819 (Tenn. 2018)). Stay-and-abeyance under Rhines is therefore unavailable.

Regardless of whether the Petition's claims are fully exhausted, the Court may stay habeas proceedings in the interests of comity and judicial economy. See Stevens v. Nagy, No. 19-11069, 2021 WL 1248294, at *2 (E.D. Mich. Apr. 5, 2021) (noting that "[a] federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts," and extending stay so that petitioner could continue efforts to exhaust claim concerning Brady material in state court) (citing Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 77–79 (1st Cir. 2002)); see also Bowling v. Haeberline, 246 F. App'x 303, 306 (6th Cir. 2007) (noting that "[a] court is entitled to delay decision [on exhausted claims] when considerations of comity and judicial economy would be served") (quoting Nowaczyk, 299 F.3d at 83). But those interests would not be served by a stay in this case where, at least at this point in time, there is no indication that the Davidson County Criminal Court has either re-opened Petitioner's post-conviction proceedings or has set an evidentiary hearing in response to Petitioner's coram nobis filing. (See Doc. No. 33 at 3 n.3 ("Upon inquiry with the trial court clerk's office . . ., the petitioner's state-court pleading was filed on August 9, 2023. As of August 29, 2023, it has not yet been set for a hearing.")); see also Metropolitan Nashville & Davidson County Criminal Court Clerk Case Search Home, https://sci.ccc.nashville.gov/Search/CaseSearchDetails/1039445%5E2647060%5ECJIS/LIZANDRO%5EGUEVARA%5E05161981%5E424959/ (last visited Sept. 6, 2023) (listing Petitioner's case status as "closed").

Accordingly, Respondent's Motion for Extension of Time to File Response to Motion for Stay and Abeyance (Doc. No. 32) is **GRANTED** nunc pro tunc, and Petitioner's Motion to Hold the Instant Habeas Corpus Proceedings in Abeyance (Doc. No. 30) is **DENIED**.

However, because there remains at least the potential for further development of the factual record in coram nobis proceedings, concerns of comity and judicial economy counsel against the allowance of discovery in this Court pertaining to the same material that Petitioner seeks to compel production of in state court—i.e., "all exculpatory pre[-]trial statements of [L.C.]" Accordingly, Petitioner's Motion for Leave to Conduct Discovery (Doc. No. 23) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE